IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHUCK LANE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-167 (MTT) |
| | : | |
| DAVID FRAZIER, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Respondent David Frazier has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). Doc. 7. Because Petitioner failed to file his petition within the one-year period of limitations and because Petitioner has failed to establish that he is entitled to equitable tolling, it is **RECOMMENDED** that the instant petition be **DISMISSED**.

PROCEDURAL BACKGROUND

On December 11, 1989, a Houston County Grand Jury returned a twelve-count indictment against Petitioner Chuck Land. Doc. 10-5 at 15-30. The indictment charged Petitioner with three counts of aggravated assault, two counts of burglary, criminal attempt to commit burglary, theft by receiving stolen property, theft by taking, two counts of possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, and fleeing or attempting to elude a police officer. Id. The indictment also charged Petitioner as a recidivist. Id. Following a jury trial, Petitioner was found guilty of one count of aggravated assault, simple assault, two counts of burglary, theft by taking, one count of possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon on March 22, 1990. Id.

at 101, 110-116. Petitioner was sentenced to seventy-six years imprisonment. Doc. 1; Doc. 10-9 at 28-29.

On October 14, 1993, Petitioner's convictions and sentence were affirmed on direct appeal. Lane v. State, 210 Ga. App. 738 (1993). Petitioner then filed a motion for reconsideration, which was dismissed on November 3, 1993. Id. On March 23, 2011, Petitioner filed a state habeas corpus petition. Doc. 10-1. Following an evidentiary hearing, Petitioner's state habeas corpus petition was dismissed as untimely on October 24, 2011. Doc. 10-2. Petitioner then filed an application for a certificate of probable cause to appeal, which was denied on April 24, 2012. Doc. 10-4. On May 1, 2012, Petitioner filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Doc. 1.

## DISCUSSION

Petitioner's federal habeas corpus petition must be dismissed because Petitioner failed to submit his petition within the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). On April 24, 1996, the AEDPA went into effect, establishing a one-year period of limitations for federal habeas corpus petitions. See Pope v. Secretary for Dept. of Corrections, 680 F.3d 1271, 1281 (11th Cir. 2012) (citing Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998)). A petitioner whose conviction became final before the AEDPA went into effect had a one-year period after the enactment of the AEDPA in which he could timely file a federal habeas corpus petition. Wilcox, 158 F.3d at 1211. As such, a petitioner whose conviction became final before April 24, 1996 had until April 23, 1997 to timely file a federal habeas corpus petition. Id.

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief, the tolling of the

one-year time period begins. 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, Petitioner did not file his federal habeas corpus petition within the one-year statutory requirement. A conviction becomes final when the state's highest court denies or declines to review a petitioner's appeal. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). If the petitioner fails to seek review in the state's highest court, the conviction becomes final when the time to seek review has expired. See id. at 1299-3000; Gonzalez v. Thaler, 312 S.Ct. 641, 656 (2012). The Court of Appeals dismissed Petitioner's motion for reconsideration on November 3, 1993. Pursuant to Rule 38 of the Rules of the Court of Appeals of Georgia, Petitioner had ten (10) days from that decision to file a notice of intent to apply for certiorari in the Supreme Court of Georgia. The record indicates that Petitioner did not file a petition for writ of certiorari. Accordingly, Petitioner's conviction became final on November 13, 1993.

Because Petitioner's conviction became final before the enactment of the AEDPA, Petitioner had until April 23, 1997, to file his federal habeas corpus petition. Petitioner did not file his federal habeas petition until May 1, 2012, over fifteen years after his time to file a federal habeas corpus petition had expired. Petitioner's state habeas corpus petition did not act to toll the limitations period because it was not filed until March 23, 2011, long after the limitations period had already expired.

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner contends that he is entitled to equitable tolling because his attorney and the trial court failed to provide him with his trial record and transcripts. In support of his argument, Petitioner attached a letter to his attorney and a motion to the trial court requesting his trial documents.[1] Both documents are dated from June of 1990.

Petitioner's inability to get his trial records does not constitute an extraordinary circumstance that entitles him to equitable tolling. The law is well settled that a petitioner is not required to submit state court records when filing when filing a federal habeas corpus petition. Pliler v. Ford, 542 U.S. 225, 232 (2004). The unavailability of documents, the contents of which a petitioner has at least constructive knowledge, does not affect the petitioner's ability to file a federal habeas corpus petition. McCleskey v. Zant, 499 U.S. 467, 500 (1991). Moreover, equitable tolling does not excuse a petitioner's late filing based on the petitioner's inability to obtain a trial transcript or state court record. See, e.g., Lloyd v. Van Natta, 296 F.3d 630, 634 (7th Cir. 2002); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002). The record shows that Petitioner participated in his trial and therefore had constructive knowledge of the proceedings. As such, Petitioner has failed to demonstrate an extraordinary circumstance that prevented him from filing a timely petition.

---

[1] Petitioner also attached his trial counsel's response letter indicating that the Houston County Public Defender's Office stating that the office did not have sufficient funds to provide clients copies of their files free of costs.

Additionally, Petitioner has failed to establish that he has diligently pursued his rights. Although Petitioner submits evidence that he was pursuing his rights in 1990, there is no evidence in the record that Petitioner continued to pursue his rights following the denial of his direct appeal. Nearly eighteen years passed before he filed his state habeas corpus petition. Petitioner has submitted no evidence that he pursued his rights during those eighteen years. In fact, Petitioner admits that many years passed as petitioner simply did not know what to do because he never got a response to his request for his records. Doc. 9.

Petitioner's circumstances are similar to those of the petitioner in an unreported Eleventh Circuit opinion, Powe v. Culliver, 205 Fed. Appx. 729 (11th Cir. 2006). In Powe, the petitioner argued that he was entitled to equitable tolling because he diligently attempted to obtain his trial transcripts from his trial counsel to no avail. Id. at 733. The Eleventh Circuit stated that even if counsel's failure to provide Petitioner copies of his records constituted such malfeasance as to amount to extraordinary circumstances, the district court did not err in finding that Petitioner did not pursue his rights diligently. Id. at 734. The district court determined that Petitioner did not act diligently (1) because his attempt to obtain his transcript consisted of only four letters -- three to his lawyers and one to the trial judge, (2) because he did not seek further help from the trial court, and (3) because he could have filed his petition without his transcript. Id.

In this case, the record indicates that Petitioner acted with less diligence that the petitioner in Powe. Petitioner only submitted one letter to his attorney requesting his trial records. Although Petitioner filed a motion in the trial court to obtain his record, he filed only one motion over twenty years ago. If necessary, Petitioner could have filed his petition without the transcripts and trial court record. Petitioner has shown that he initially attempted to pursue his rights, but has failed to submit any evidence that he made further attempts to pursue his rights

during the nearly twenty years that followed the denial of his direct appeal. Accordingly, Petitioner has failed to show that he acted with sufficient diligence to entitle him to equitable tolling.

## CONCLUSION

Because Petitioner failed to file his Section 2254 petition within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** the instant Section 2254 petition for writ of habeas corpus be **DISMISSED.**

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of November, 2012.

                                         s/ Charles H. Weigle
                                         Charles H. Weigle
                                         United States Magistrate Judge